# 25-487-cv

## United States Court of Appeals

*for the*

## Second Circuit

ANGELICA PARKER,

*Plaintiff-Appellant,*

— v. —

TAL ALEXANDER, ALON ALEXANDER, OREN ALEXANDER,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

MICHAEL J. WILLEMIN
BROOKE PAYTON
WIGDOR LLP
*Attorneys for Plaintiff-Appellant*
85 Fifth Avenue, 5th Floor
New York, New York 10003
(212) 257-6800

CP COUNSEL PRESS     (800) 4-APPEAL • (382140)

# TABLE OF CONTENTS

<b>Page</b>

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ............................................................1

ARGUMENT ........................................................................................2

    I.    THE DISTRICT COURT ERRED IN FINDING THAT THE VGMVPL IS FIELD PREEMPTED BY THE CVA AND ASA ...................................................................................2

    II.   THE DISTRICT COURT ERRED IN FINDING THAT THE VGMVPL IS CONFLICT PREEMPTED BY THE CVA AND ASA ...............................................................................9

CONCLUSION ..................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

Baldwin Union Free Sch. Dist. v. Cnty. of Nassau,
  22 N.Y.3d 606 (2014).............................................................................7

Bracker v. Cohen,
  204 A.D.2d 115 (1st Dep't 1994)...........................................................7

Ctr. for Indep. of Disabled v. Metro. Trans. Auth.,
  125 N.Y.S.3d 697 (1st Dep't 2020) ........................................................9

Doe v. Black,
  23 Civ. 6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) ...............4, 6

Engelman v. Rofe,
  144 N.Y.S.3d 20 (1st Dep't 2021) ..........................................................8

Garcia v. N.Y. Dep't of Health & Mental Hygiene,
  31 N.Y.3d 601 (2018)..........................................................................9, 15

GE Cap. Corp. v. N.Y. State Div. of Tax Appeals,
  2 N.Y.3d 249 (2004)...........................................................................12

Gooding v. Doe,
  No. 20 Civ. 6569 (PAC), 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022)...............8

Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.,
  74 N.Y.2d 761 (1989)..........................................................................9

Majewski v. Broadalbin-Perth Cent. Sch. Dist.,
  91 N.Y.2d 577 (1998)..........................................................................14

McDonald v. New York City Campaign Fin. Bd.,
  40 Misc. 3d 826 (Sup. Ct. N.Y. Cnty. 2013).........................................11

People v. Judiz,
  38 N.Y.2d 529 (1976)..........................................................................11

People v. New York Trap Rock Corp.,
  57 N.Y.2d 371 (1982)..........................................................................7

People v. Woods,
  52 Misc. 3d 618 (N.Y. City Crim. Ct. 2016) .......................................11

ii

Police Benevolent Ass'n of the City of New York, Inc. v. City of New York,
  40 N.Y.3d 417 (2023)...........................................................................3

Tompkins v. Hunter,
  149 N.Y. 117 (1896)...........................................................................14

Vatore v. Comm'r of Consumer Affs. of City of New York,
  83 N.Y.2d 645 (1994).......................................................................5, 7

**Statutes & Other Authorities:**

2021 N.Y. S. B. 66, Comm. Rep. (Feb. 12, 2022) ....................................6

CPLR 201 ...................................................................................................8

CPLR 214-g ................................................................................... *passim*

CPLR 214-j .................................................................................... *passim*

CPLR 214(2) ..............................................................................................8

CPLR 215(3) ..............................................................................................8

CPLR art. 2 ................................................................................................8

N.Y.C. Admin. Code § 10-1103 .................................................. 3, 4, 5, 10

N.Y.C. Admin. Code § 10-1104 ............................................... 3, 5, 10, 15

N.Y. Const., art. IX § 2(c) .......................................................................7

Committee Report on the Committee on Women and Gender Equity and
  the Committee on General Welfare, Nov. 29, 2021 on Int 2372-2021 ......... 10, 14

Nicolas J. Pappas *et al.*, "New York Enacts Revival Statutes, Renewing Expired
  Claims for Sexual Assault," *Weil, Gotshal & Manges LLP* (Aug. 2022)...............4

## PRELIMINARY STATEMENT

In December 2000, the New York City legislature enacted the Victims of Gender-Motivated Violence Protection Law ("VGMVPL") to empower individuals to pursue civil claims for acts of gender-motivated violence, including sexual assault. In 2022, the VGMVPL was amended in two ways: first to expand the scope of potential defendants who could be liable under the act and second to provide a limited look-back period for VGMVPL claims that would have been time-barred.

The New York State legislature has also separately taken measures to address the limited avenues for justice victims of sexual assault have available to them. In 2019 and 2022, respectively, the State passed the Child Victims Act ("CVA") and the Adult Survivors Act ("ASA"). Unlike the VGMVPL, the ASA and CVA were not statutes that created a stand-alone cause of action. Instead, they merely opened the limitations period for sexual assault claims that would have otherwise been time-barred.

The District Court and Defendant-Appellees take an illogical stance on these two separate statutory schemes. Although both laws have the same aim of creating new remedies for sexual assault survivors, Defendant-Appellees assert that the state's temporary statute of limitations re-opening, which has now ended, preempts the local law and its amendments. Despite the extremely high bar for a finding of

1

preemption, Defendant-Appellees urge the Court to find that the State legislature intended to preempt the entire field of sexual assault law, despite not being able to point to any State intention of doing so. What's more, the CVA and ASA were not – and did not ever purport to be – comprehensive legislative acts. Defendant-Appellees further say that the ASA and CVA conflicts with the VGMVPL, when in reality there is no direct collision between the laws and the three laws complement each other's goals of expanding access to justice for victims of sexual assault and gender-motivated violence. The CVA and ASA were created to allow some time-barred victims of such heinous acts to seek justice, and it is therefore absurd to believe that the state would be simultaneously attempting to prevent localities from passing laws with a similar aim, particularly where the local law is a standalone cause of action that is more expansive than the claims impacted by the ASA and CVA.

For these reasons, those articulated below and those outlined in Plaintiff's opening brief, the District Court's decision granting Defendant-Appellees' motions to dismiss and for judgment on the pleadings should be reversed.

## **ARGUMENT**

### I.     **THE DISTRICT COURT ERRED IN FINDING THAT THE VGMVPL IS FIELD PREEMPTED BY THE CVA AND ASA**

The District Court incorrectly decided that Ms. Parker's claims under the VGMVPL are field preempted by the CVA and ASA. Field preemption "prohibits

2

a local government from legislating in a field or area of the law where the legislature has assumed full responsibility." <u>Police Benevolent Ass'n of the City of New York, Inc. v. City of New York</u>, 40 N.Y.3d 417, 423 (2023) (internal quotations omitted). An intent to fully occupy a field "can be implied from a declaration of state policy, the [s]tate's enactment of a comprehensive and detailed regulatory scheme in a particular area, or from the nature of the subject matter being regulated and the purpose and scope of the state legislative scheme, including the need for state-wide uniformity in a given area." <u>Id.</u> at 423-24 (internal quotations omitted). The District Court and Defendant-Appellees are wrong; the VGMVPL is not field preempted by the CVA and ASA for three reasons: (1) there is no comprehensive regulatory scheme here, (2) the State Legislature has not expressed a need for uniform state-wide control, and (3) both the District Court and Defendant-Appellees ignore or diminish key caselaw on this topic.

**<u>First</u>**, there is no comprehensive regulatory scheme created by the State legislature on this issue. Field preemption requires a "comprehensive and detailed regulatory scheme." <u>Id.</u> This does not exist here because the VGMVPL and the CVA and ASA do not cover the same conduct. The CVA and ASA cover sexual assault specifically, while the VGMVPL covers gender-motivated violence more generally. <u>See</u> N.Y.C. Admin. Code §§ 10-1103, 10-1104; CPLR 214-g; CPLR

3

214-j.  The VGMVPL applies to violent acts other than sexual assault, even including property crimes.  N.Y.C. Admin. Code § 10-1103.  The ASA and CVA are not thus not comprehensive; they do not even cover the entire scope of actions that could be brought under the City law.  As stated by Judge Clarke in <u>Doe v. Black</u>, "the CVA does not come close to enacting a comprehensive scheme."  No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024).

Further, neither the ASA nor the CVA contain stand-alone causes of action; they are merely revival statutes for state law tort causes of action that already existed for the public policy reason of giving survivors of sexual assault the chance to seek justice through the court system.  <u>See</u> CPLR 214-g; CPLR 214-j.  The VGMVPL, on the other hand, created a stand-alone cause of action under which an individual can bring claims, and its Revival Amendment applies only to itself.  <u>See</u> Nicolas J. Pappas et al., "New York Enacts Revival Statutes, Renewing Expired Claims for Sexual Assault," *Weil, Gotshal & Manges LLP* (Aug. 2022).

In addition, the ASA and CVA do not even fully overlap.  One deals with adult victims of sexual assault and one deals with child victims of sexual assault, and they each provide for different remedies and fee-shifting provisions.  <u>See</u> CPLR 214-g; CPLR 214-j.  Importantly, they were enacted separately – more than three years apart – and each outline different windows of claim revival.  <u>See</u> CPLR 214-g; CPLR 214-j.  Even more importantly, both the CVA and the ASA were

4

enacted after the VGMVPL was originally passed in 2000, and in particular, the ASA was passed four months after the VGMVPL Revival Amendment was passed. See N.Y.C. Admin. Code §§ 10-1103, 10-1104; CPLR 214-g; CPLR 214-j. Had the State Legislature wanted to create a comprehensive scheme that preempted any local law, particularly given the ones that existed at the time of enactment, they would have done so explicitly.

**Second**, the State legislature has not articulated a need for state-wide control. Field preemption requires "an expression of need for uniform State-wide control." Vatore v. Comm'r of Consumer Affs. of City of New York, 83 N.Y.2d 645, 650 (1994). Defendant-Appellees argue that, in order to preserve the rights of the accused, revival statutes such as the CVA, ASA and VGMVPL cannot vary on a "county-by-county" basis. Dkt. No. 32.1, Defendant-Appellees' Brief in Opposition ("Defs.' Br.") at 18. But the State Legislature never intended that the CVA and ASA should occupy the entire field of expired claims of sexual violence. The legislative history behind each statue and the affidavit of Senator Brad Hoylman-Sigal are very clear on this point.

Neither the CVA nor the ASA show a need for such uniformity, and even when taken together, they do not occupy the field of claims for sexual assault and gender-based violence. In terms of the CVA, Judge Clarke ruled that "[t]he state has made no statements evincing a desire to fully control the issue of statutes of

5

limitations in child sexual offense cases." <u>Black</u>, 2024 WL 4335453, at *4. Defendant-Appellees argue that the decision in Black is inapplicable here because Judge Clarke did not also consider the ASA in her decision. Defs.' Br. at 26-27. But the ASA was passed to "prospectively increase . . . statutes of limitations for a *subset* of sexual offenses committed against adults." 2021 N.Y. S. B. 66, Comm. Rep. (Feb. 12, 2022) (emphasis added). This itself shows that the State Legislature was aware that there are other forms of sexual and gender-based violence committed against adults that they were not addressing with the ASA, and it was in fact disavowing intent to occupy the field of sexual assault claims or revival statutes. To the contrary, it opened the door for other laws, including municipal ones, to complement and add onto the pathway to justice provided by the ASA. Even when taken together, the CVA and ASA – which were enacted separately, provide for different remedies, and address two distinct groups of victims (children and adults) – cannot be cobbled together to form a fully-occupied field of control. Neither statute is all encompassing, and even when taken together, there are gaps in the law that a municipality such as New York City can fill in itself. Just because the State has legislated in a field does not mean that legislation automatically occupies the field, particularly where there was already a lack of uniformity among the available remedies for a victim of sexual assault in New York City when the ASA and CVA were drafted.

The VGMVPL falls squarely within the "home rule" authority granted to a municipality by the New York State Constitution.  The New York State legislature is fully aware of this home rule provision – where a municipality can make local laws as long as those laws are "not inconsistent with the provisions of the [New York State] Constitution" – as this rule is *part* of the New York State Constitution.  N.Y. Const., art. IX § 2(c); see also Baldwin Union Free Sch. Dist. v. Cnty. of Nassau, 22 N.Y.3d 606, 614-15 (2014).  More specifically, home rule authority has been found to be "broad enough to include the creation of a private right of action."  Bracker v. Cohen, 204 A.D.2d 115, 115 (1st Dep't 1994).  The State Legislature could have added language in the CVA and ASA to explicitly prohibit a local law such as the VGMVPL from remaining in effect, and the fact that it did not shows that the intent was to give victims of sexual assault in New York State new avenues to pursue justice, not to specifically prohibit victims of gender-motivated violence in New York City from seeking justice for similar violations of the law.  Defendant-Appellees' conjecture about legislative intent is a far cry from the required clear "expression of need for uniform State-wide control" that field preemption requires.  Vatore, 83 N.Y.2d at 650; see also People v. New York Trap Rock Corp., 57 N.Y.2d 371, 378 (1982) (stating that the State Legislature's intent to preempt must be "unmistakable").

**Third**, both the District Court and Defendant-Appellees handwave away important caselaw on this topic.[1]  In <u>Engelman v. Rofe</u>, the Appellate Division ruled that the VGMVPL's statute of limitations was not preempted by the statutes of limitations for assault and battery under CPLR 215(3) and 214(2).  144 N.Y.S.3d 20, 34 (1st Dep't 2021).[2]  In fact, the court said that "[i]nasmuch as the VGM itself provides a different time than that prescribed in [the] CPLR . . . , the time prescribed in the VGM controls."  <u>Id.</u> at 32.  The court also specifically "reaffirmed a municipality's right to create a private right of action to protect its citizens from gender-motivated violence[.]"  <u>Id.</u> at 28.  "The VGM's construct is consistent with the City's 'broad policing power' to enact legislation to protect its residents from . . . gender-related violence."  <u>Id.</u> at 31.  This is directly applicable to the CVA and ASA as well because they are also amendments to Article 2 of the CPLR, where the statutes of limitations for assault and battery are codified.  <u>See</u> CPLR 214-g; CPLR 214-j.  Article 2 explicitly states that an action "must be commenced within the time specified in this article" unless "a different time is prescribed by law."  CPLR 201.  As stated in <u>Engelman</u>, the VGMVPL contains a different and

---

[1]     In addition to <u>Engelman</u>, both the District Court and Defendant-Appellees completely ignore <u>Gooding v. Doe</u>, even though it is important, instructive and cited by Ms. Parker each time she has submitted a filing on this issue.  No. 20 Civ. 6569 (PAC), 2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022).
[2]     Defendant-Appellees also wrongly claim that the <u>Engelman</u> decision occurred in 2018, well before the ASA and CVA were passed, but that is not true; the case was decided in 2021.

complementary time period than the CVA or ASA, but all three laws aim to achieve the same goal: to allow more victims of sexual assault and violence a meaningful pathway to seek justice.  While there may be some overlap with these goals, it is clear that the CVA and ASA do not legislate the entire "field" of law, and there is no field preemption here.

## II.    THE DISTRICT COURT ERRED IN FINDING THAT THE VGMVPL IS CONFLICT PREEMPTED BY THE CVA AND ASA

The District Court also incorrectly decided that Ms. Parker's claims under the VGMVPL are conflict preempted by the CVA and ASA.  Conflict preemption only exists where "there is a head-on collision between" a state and local law. Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs., 74 N.Y.2d 761, 764 (1989).  Courts should be cautious about finding conflict preemption because they "risk [] rendering the power of local governments [and the home rule provision] illusory."  Ctr. for Indep. of Disabled v. Metro. Trans. Auth., 125 N.Y.S.3d 697, 704 (1st Dep't 2020); see also Garcia v. N.Y. Dep't of Health & Mental Hygiene, 31 N.Y.3d 601, 617 (2018) (finding that conflict preemption does not arise simply because "state and local laws seek to regulate the same subject matter").  Defendant-Appellees argue that the VGMVPL presents a preemption issue because it allows claims to proceed after the revival windows of the ASA and CVA had closed.  Defs.' Br. at 20-21.  The VGMVPL was in place for nearly twenty years before the CVA was enacted, and its Revival Amendment was in

9

place for four months before the ASA was enacted.  See N.Y.C. Admin. Code §§ 10-1103, 10-1104; CPLR 214-g; CPLR 214-j.  It strains credulity that the State Legislature did not know about the VGMVPL and its Revival Amendment when drafting and passing the state laws at issue in this case, and given that, it is illogical to find a head-on collision that the State would not have acknowledged in drafting these statutes.  The District Court and Defendant-Appellees are wrong; the VGMVPL is not conflict preempted by the CVA and ASA for three reasons: (1) the three laws do not regulate the same conduct, (2) the ASA's language is permissive and did not require Ms. Parker to file her claims within its lookback window, and (3) the State Legislature and the City Council clearly passed the three statutes with the clear goal of expanding – not limiting – access to justice for victims of sexual assault and gender-based violence.

**First**, as described *supra* at pp. 3-5, the VGMVPL and the ASA and CVA do not regulate the same conduct.  The VGMVPL covers all forms of gender-motivated violence, not just assault, and further addresses a specific concern that the New York City Council found troubling: the scourge of gender-motivated violence within New York City.  Committee Report on the Committee on Women and Gender Equity and the Committee on General Welfare, Nov. 29, 2021 on Int 2372-2021 (the "Committee Report").  The Committee Report, *written six months before the ASA was enacted*, detailed the impact of the COVID-19 pandemic on

10

gender-motivated violence, the rate of gender-motivated homicides, and the City's domestic violence shelter system, among other issues that affect New York City in particular.  Id.  This intent to regulate a specific subject matter is well-documented and supported by the legislative history of the bill.  Courts have regularly upheld local laws that regulate a particularized concern, even when that concern is part of a larger issue that is subject to state laws, as not preempted by those state laws. See People v. Judiz, 38 N.Y.2d 529, 532 (1976) ("[W]hile State law evinces an intent to cover [this issue] quite broadly, . . . the city ordinance is aimed at the prevention of a particular type of abuse."); People v. Woods, 52 Misc. 3d 618, 625 (N.Y. City Crim. Ct. 2016) (same); McDonald v. New York City Campaign Fin. Bd., 40 Misc. 3d 826, 849-50 (Sup. Ct. N.Y. Cnty. 2013) ("[T]he areas of State and Local Law are no inconsistent, but complementary.").  In this case, the mere fact that there is some overlap between the laws does not mean there is a "head-on collision" between them.  Rather, the three laws complement and supplement each other to create multiple possible pathways to justice for victims of sexual assault or violence.

The CVA and ASA's other language is consistent with the VGMVPL and its Revival Amendment as well.  The District Court wrongly interpreted a specific clause included in both  "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."  See CPLR 214-g; CPLR 214-j.  Defendant-

11

Appellees insist that this language proves a "head-on collision," but they too misinterpret the meaning of this clause. Defs.' Br. at 21. The proper reading of the clause is that the legislature wanted to make clear that claims could be revived under the ASA and CVA, notwithstanding the existence of any provision of law with a ***more restrictive*** limitations period. Defendant-Appellees can point to nothing suggesting that the legislature intended to limit a plaintiff's ability to bring a timely claim under another law, such as the VGMVPL, with a ***less restrictive*** limitations period. The District Court's and the Defendant-Appellees' interpretation is not only illogical but also in direct contradiction to the legislative intent and shared goal of all three laws, to provide victims with adequate time to pursue their pathway to justice.

**Second**, Ms. Parker was not required to file her claims under the ASA because the ASA's language is permissive. Defendant-Appellees argue that Ms. Parker should have brought her suit under the ASA, which expired on November 23, 2023, and, because she did not, her claims have since expired and are not eligible under the VGMVPL. Defs.' Br. at 1. But both the CVA and ASA are permissive statutes that say that a plaintiff with a previously time-barred claim "may" bring a claim within the revival window. See GE Cap. Corp. v. N.Y. State Div. of Tax Appeals, 2 N.Y.3d 249, 255 n.1 (2004) ("[T]he term 'may is permissive" and courts "will not presume that the Legislature meant 'shall' when it

12

said 'may.'").  In other words, if the State Legislature meant that a plaintiff was required to bring a time-barred claim under the ASA, they would have made that requirement obvious in the text of the statute, particularly with the VGMVPL Revival Amendment having just been passed four months earlier.  Thus, Ms. Parker was not required to bring her claim under the ASA, and there is nothing within the ASA that prohibits her from bringing her claim under the VGMVPL instead.

**Third**, the State legislature and City Council passed the CVA, the ASA and the VGMVPL with the same goal of expanding access to justice for victims of sexual assault and gender-based violence.  Defendant-Appellees claim that the VGMVPL infringes of the state-given rights of the accused to be free from liability for their conduct after a legislatively determined period of time.  Defs.' Br. at 22.  They argue that the CVA and ASA are actually "statutes of repose" that prohibit individuals from filing claims after a certain date, rather than statutes of limitation that state that individuals must file a lawsuit before a certain date.  Defs.' Br. at 22, n.6.  The CVA and ASA both use the term "limitation" throughout both statutes and never once use the word "repose."  See CPLR 214-g; CPLR 214-j.  Courts cannot simply impose words that are not included in the statute.  "[I]t is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning . . . there is no room for construction and courts

have no right to add to or take away from that meaning." Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 583 (1998) (quoting Tompkins v. Hunter, 149 N.Y. 117, 112-23 (1896) (internal quotations omitted)). And the ASA did not purport – in its legislative history or in the text itself – to put an end to civil sexual assault claims, as a statute of repose would do. The ASA did not mean that "no otherwise time-barred civil claims alleging sex crimes may be brought after." Defs.' Br. 22. The ASA only stated that claims sexual assault claims that had expired *could* be brought in that new window.

Further, the ASA and CVA are claim revival statutes. While a simple statute of limitation looks forward to future actions, a claim revival statute looks back in time to correct a past wrong. A claim revival statute is not a limitation or prohibition at all – it is an expansion of a currently existing pathway to justice that has been determined by the legislature or city council to be too narrow. And the VGMVPL and its 2022 Amendment similarly expanded that claim's limitations periods to broaden and bolster the rights of victims to find justice and resolution. In passing the VGMVPL in 2000 and its Revival Amendment in 2022, the City Council clearly weighed the rights of victims of gender-based violence to be of the utmost importance. See generally Committee Report.

Additionally, the VGMVPL's 2022 Amendment had two parts – neither of which conflicts with State law. Defendant-Appellees' argument focuses in on the

14

lookback window part of the Revival Amendment, which ignores the other critical aspect of the Amendment: the expanded liability to a new class of potential defendants who direct and/or enable gender-based violence.  N.Y.C. Admin. Code § 10-1104.  This double expansion proves that the Revival Amendment is actually more than a mere claim revival statute like the ASA and CVA, but in fact expands the standalone cause of action permitted by the statute.  It does not cut against the rights of the accused; it actually creates a new set of individuals who can be accused, further showing the legislative intent behind the Amendment to provide more ways to access justice for victims of gender-based violence.  The expansion of rights of victims under the VGMVPL is not irreconcilable with the CVA and ASA as Defendant-Appellees argue, but rather, these three laws are complementary to each other, as they were each passed with the goal of righting past wrongs to expand pathways to justice for victims.  For a true conflict to exist, a local law would have to either prohibit conduct that state law expressly allows or expressly permit conduct that state law prohibits.  See Garcia, 31 N.Y.3d at 617-18.  Neither of these situations apply here, and so there is no conflict preemption.

## <u>CONCLUSION</u>

For the foregoing reasons, the District Court's decision granting Defendant-Appellees' motions to dismiss and for judgment on the pleadings should be reversed.

Dated: June 11, 2025
       New York, New York          Respectfully submitted,

                          **WIGDOR LLP**

                          By: _____
                              Michael J. Willemin
                              Brooke Payton

                          85 Fifth Avenue
                          New York, NY 10003
                          Telephone: (212) 257-6800
                          Facsimile: (212) 257-6845
                          mwillemin@wigdorlaw.com
                          bpayton@wigdorlaw.com

                          *Counsel for Plaintiff-Appellant*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3734 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Time New Roman.

Dated: June 11, 2025
    New York, New York

_____
Michael J. Willemin

17