quinn emanuel trial lawyers | washington, dc
555 13th Street NW, Suite 600, Washington, District of Columbia 20004-1109 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8308**

WRITER'S EMAIL ADDRESS
**christophermichel@quinnemanuel.com**

January 15, 2026

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re: *Doe v. Black*, No. 25-564, and *Parker v. Alexander*, No. 25-487**

Dear Ms. O'Hagan Wolfe:

At oral argument on December 17, 2025, the Court requested that counsel in the above-captioned cases provide a list of state and federal cases in New York that might be impacted by this Court's disposition of these cases or any decision of the New York Court of Appeals on the same preemption questions presented in these cases. In response, counsel have jointly compiled the attached Appendix A, which represents our diligent effort to identify all potentially affected cases. The appendix identifies 57 cases currently pending in New York state and federal courts that are either stayed pending resolution of these appeals or have a pending motion to dismiss that may be impacted by this Court's disposition of these cases or any decision of the New York Court of Appeals on the same preemption questions presented in these cases. Counsel are also aware of one matter pending in state court in which a motion to dismiss asserting a similar preemption argument was recently denied. The decision in that case is attached as Appendix B. Counsel remain available to provide any additional information that may be of use to the Court.

Respectfully submitted,

Christopher G. Michel
Michael J. Willemin
Milton L. Williams

Encl.: Appendices

## Appendix A

**Cases Stayed Pending Resolution of *Doe v. Black* and *Parker v. Alexander* (Federal Courts)**

1. *McKinney v. Combs et al.*, 24-cv-03931 (S.D.N.Y.) (Hon. Naomi R. Buchwald)
2. *English v. Combs et al.*, 24-cv-5090 (S.D.N.Y.) (Hon. Analisa Torres)
3. *Graves v. Combs et al.*, 24-cv-7201 (S.D.N.Y.) (Hon. Analisa Torres)
4. *Doe v. Combs et al.*, 24-cv-7774 (S.D.N.Y.) (Hon. J. Paul Oetken)
5. *Doe v. Combs et al.*, 24-cv-7776 (S.D.N.Y.) (Hon. Naomi R. Buchwald)
6. *Doe v. Daddy's House Recordings, Inc., et al.*, 24-cv-7778 (S.D.N.Y.) (Hon. Jennifer L. Rochon)
7. *McCrary v. Combs et al.*, 24-cv-8054 (S.D.N.Y.) (Hon. Mary Kay Vyskocil)
8. *Doe v. Combs et al.*, 24-cv-8808 (S.D.N.Y.) (Hon. Jeannette A. Vargas)
9. *Doe v. Combs et al.*, 24-cv-8812 (S.D.N.Y.) (Hon. Naomi R. Buchwald)
10. *Doe v. Combs et al.*, 24-cv-8813 (S.D.N.Y.) (Hon John G. Koeltl)
11. *Doe v. Combs et al.*, 24-cv-9852 (S.D.N.Y.) (Hon. Jennifer L. Rochon)
12. *Rivers v. Combs et al.*, 25-cv-1726 (S.D.N.Y.) (Hon. Jed S. Rakoff)
13. *Doe v. Alexander*, 25-cv-2113 (S.D.N.Y.) (Hon. Jesse M. Furman)
14. *Doe v. Alexander*, 25-cv-2108 (S.D.N.Y.) (Hon. Ronnie Abrams)
15. *Doe v. Alexander et al.*, 25-cv-1631 (S.D.N.Y.) (Hon. Jeannette A. Vargas)
16. *Doe v. Alexander et al.*, 25-cv-2106 (S.D.N.Y.) (Hon. Dale E. Ho)
17. *Buck v. Alexander et al.*, 25-cv-2112 (S.D.N.Y.) (Hon. Naomi R. Buchwald)
18. *Goodwin v. Alexander*, 25-cv-2247 (S.D.N.Y.) (Hon. Paul A. Engelmayer)
19. *Willet v. Alexander*, 24-cv-5672 (S.D.N.Y.) (Hon. Naomi R. Buchwald)
20. *Romero v. Alexander*, 25-cv-2107 (S.D.N.Y.) (Hon. Lewis J. Liman)

**Cases Stayed Pending Resolution of *Doe v. Black* and *Parker v. Alexander* (State Courts)**

1. *Doe v. Combs et al.*, 159915/2024 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
2. *Doe v. Combs et al.*, 160054/2024 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
3. *Doe v. Combs et al.*, 160055/2024 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
4. *Doe v. Combs et al.*, 151605/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
5. *Doe v. Combs et al.*, 151606/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
6. *Doe v. Combs et al.*, 152013/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
7. *Doe v. Combs et al.*, 152016/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
8. *Kendra Haffoney v. VH1 et al.*, 152703/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
9. *Barksdale v. Combs et al.*, 152724/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
10. *Heinfling v. Combs et al.*, 152725/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
11. *Belsom v. Combs et al.*, 152726/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
12. *Doe v. Combs et al.*, 152727/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
13. *Brown v. Combs et al.*, 152781/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
14. *McKenney v. Combs et al.*, 152923/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
15. *Fields v. Alexander et al.*, 162203/2024 (Sup. Ct. N.Y. County) (Judge Not Assigned)
16. *Doe v. Alexander*, 152096/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)

**Unstayed Cases with a Pending Motion to Dismiss on Relevant Grounds (Federal Courts)**

1. *Grayson v. Combs et al.*, 24-cv-9857 (S.D.N.Y.) (Hon. Jeannette A. Vargas)
2. *Richards v. Combs et al.*, 24-cv-6848 (S.D.N.Y.) (Hon. Katherine P. Failla)

**<u>Unstayed Cases with Pending Motion to Dismiss on Relevant Grounds (State Courts)</u>**

1. *Doe v. Alexander*, 152097/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
2. *Williams v. Alexander et al.*, 153501/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
3. *Zettle v. Alexander*, 152718/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
4. *Koste v. Alexander et al.*, 152560/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
5. *Guzel v. Combs, et al.*, 152568/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
6. *Doe v. Lipa Schlesinger*, 516864/2024 (Sup. Ct. Kings County) (Hon. Inga O'Neale)
7. *Forbes v. Combs, et al.*, 152733/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
8. *Dominguez v. Alexander, et al.*, 152930/2025 (Sup. Ct. N.Y. County) (Hon. Leslie Stroth)
9. *Doe v. Simmons*, 153343/2025 (Sup. Ct. N.Y. County) (Hon. Adam Silvera)
10. *Chavis v. Scott, et al.*, 804675/2025E (Sup. Ct. Bronx County) (Hon. Myrna Socorro)
11. *Davis v. Lutheran Social Services of Metropolitan New York*, 705856/2025 (Sup. Ct. Queens County) (Hon. Alan Schiff)
12. *Karr v. City of New York, et al.*, 152730/2025 (Sup. Ct. N.Y. County) (Hon. Carol Sharpe)
13. *Siek v. Dennis*, 507119/2025 (Sup. Ct. Kings County) (Hon. Steven Mostofsky)
14. *Zawadzka v. Dennis*, 507117/2025 (Sup. Ct. Kings County) (Hon. Carolyn E. Wade)
15. *Cielepak v. Dennis*, 507118/2025 (Sup. Ct. Kings County) (Hon. Katherine Levine)
16. *Evans v. Sharpe, et al.*, 101356/2024 (Sup. Ct. N.Y. County) (Hon. Dakota D. Ramseur)
17. *D.E. v. City of New York, et al.*, 505902/2025 (Sup. Ct. Kings County) (Hon. Wavny Toussaint)
18. *Gutierrez v. Vasquez*, 705575/2025 (Sup. Ct. Queens County) (Hon. Lumarie Maldonado-Cruz)
19. *John Doe v. Haselkorn*, 150922/2025 (Sup. Ct. N.Y. County) (Hon. Gerald Lebovits)

# **Appendix B**

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. VERNA L. SAUNDERS, JSC** — *Justice* **PART 36**

**INDEX NO.** 152741/2025

**MOTION SEQ. NO.** 001

---X

OGECHI CHIEKE,

Plaintiff,

- v -

KEHINDE WILEY,

Defendant.

---X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13 were read on this motion to/for **DISMISS**.

Defendant Kehinde Wiley moves to dismiss the complaint of plaintiff Ogechi Chieke, pursuant to CPLR 3211(a)(3) and (7), who alleges that defendant subjected her to sexual abuse in violation of the New York City Victims of Gender Motivated Violence Protection Law ("VGMVPL"), also known as the Gender Motivated Violence Act ("GMVA"), and seeks compensatory damages for emotional distress, nominal, punitive, and/or exemplary damages, and attorneys' fees. Defendant maintains that plaintiff's claim under the GMVA is untimely and preempted by the New York State Adult Survivors Act. Defendant's motion to dismiss is denied, as discussed below.

Plaintiff alleges that defendant sexually assaulted her on a single occasion in 2007 at a restaurant in New York City (NYSCEF Doc. No. 1, *Complaint at ¶¶ 6-12*). She filed a summons and complaint on February 28, 2025 (NYSCEF Doc. No. 1, *Summons and Complaint*). In her complaint, plaintiff alleges that she met defendant for the first time at her art show, which was held in New York City (*id.* at ¶¶ 6-7). Both parties attended a dinner at a nearby restaurant after the show and while they were waiting to be seated, defendant "pressed his chest against [plaintiff's] chest[,]" grabbed plaintiff's "buttocks with both hands and pulled [plaintiff] closer to him[,]" and then "forcibly grabbed [plaintiff's] vagina . . . and [defendant] whispered that he 'would lick that pussy so clean'" (*id.* at ¶¶ 8-11). Plaintiff alleges that defendant's behavior caused her to be "offended and distraught" and she left the restaurant before dinner (*id.* at ¶ 12). Within a month of the alleged incident, plaintiff moved to California and did not continue her career in fine art because of the alleged incident (*id.* at ¶¶ 13-14).

Defendant's time to respond to the complaint was extended by stipulation to May 1, 2025 (NYSCEF Doc. No. 2). Defendant filed the instant pre-answer motion to dismiss on May 1, 2025 (NYSCEF Doc. No. 5).

The GMVA was enacted by New York City in 2000 as part of the New York City Administrative Code to replace the federal civil rights remedy for gender-motivated crimes that Congress had created in the Violence Against Women Act (VAWA) after it was struck down by the federal courts as an unconstitutional exercise of congressional power (*Engelman v Rofe*, 194

AD3d 26, 30 [1st Dept 2021]). The GMVA provisions were initially part of New York City's Human Rights Law, which seeks, among other objectives, to address "bias-related violence" (*id.* at 31; *see* Administrative Code of City of NY § 8-101). Similar to the VAWA, the GMVA establishes a civil cause of action for individuals injured by violent acts "committed because of gender or on the basis of gender, and due, at least in part, to animus based on the victim's gender" (*Engelman* at 31 [internal citations and quotations omitted]; *see* Administrative Code § 10-1103). The GMVA's "definition of 'crime of violence motivated by gender' was also 'adopted verbatim' from the VAWA" (*Engelman* at 31 [internal citations omitted]). Unlike the VAWA, the GMVA does not rely on federal constitutional power and instead relies on the City's "home rule provision" to "enact legislation to protect its residents from discrimination, including gender-related violence" (*id.*). The legislature's intent in enacting the GMVA was to establish a civil rights remedy comparable to that provided under VAWA instead of to extend the statute of limitations for a specific category of assault claims (*id.* at 32). The GMVA originally imposed a seven-year statute of limitations and was amended by the New York City Council in 2022 ("VGMVPL amendment") to permit otherwise time-barred GMVA claims to be filed during a revival window from March 1, 2023, to March 1, 2025 (*see* Administrative Code § 10-1105 [a]).

The New York State Adult Survivors Act ("ASA") was enacted in 2022 to revive certain time-barred civil claims of sexual offenses under New York Penal Law § 130 committed against adults (CPLR 214-j). The ASA imposed a one-year revival period, which allowed such previous time-barred claims to commence on November 23, 2022, and conclude on November 23, 2023 (*id.*).

The New York State Child Victims Act ("CVA") was enacted in 2019 to revive certain time-barred civil claims of sexual offenses under New York Penal Law § 130 against minors (CPLR 214-g). The CVA imposed a one-year revival period, which was later extended for an additional year in 2020 (*id.*). Although it is undisputed that the CVA is inapplicable to the instant matter, as plaintiff was an adult at the time of the alleged incident, defendant argues that such statute is relevant because it contains similar language to the ASA.

Defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(3) and (7), for lack of legal capacity to sue and for failure to state a cause of action, respectively. Although CPLR 3211(a)(3) refers to a plaintiff's lack of capacity as grounds for dismissal, courts have interpreted this provision to also apply to a plaintiff's lack of standing as grounds for dismissal, even though the term is not expressly used in the provision (*Wilmington Sav. Fund Socy., FSB v Matamoro*, 200 AD3d 79, 89 [2d Dept 2021]). When defendant seeks to dismiss under CPLR 3211(a)(3) on the ground that plaintiff lacks standing, defendant bears the *prima facie* burden of establishing plaintiff's lack of standing as a matter of law (*id.* at 90).

On a motion to dismiss under CPLR 3211(a)(7), the movant has the burden to demonstrate that, based upon the four corners of the complaint liberally construed in favor of the plaintiff, the pleading states no legally cognizable cause of action (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court is not allowed "to assess the merits of the complaint or any of its factual allegations, but only to determine if, assuming the truth of the facts alleged, the complaint states the elements of a legally cognizable cause of action (*Skillgames, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003] [internal citation omitted]). Nonetheless, "factual allegations that

do not state a viable cause of action, that consist of bare legal conclusions, or that are inherently incredible or clearly contradicted by documentary evidence are not entitled to such consideration" (*id.* [internal citation omitted]).

In support of his motion, defendant argues that plaintiff's complaint should be dismissed in its entirety because plaintiff's sole claim is time-barred by the GMVA's original statute of limitations. The alleged incident occurred in 2007, which meant that the claim had to be commenced by 2014, pursuant to the original seven-year statute of limitations, but plaintiff did not commence this instant action until 2025. It is undisputed that plaintiff's claim would be untimely under the GMVA's original statute of limitations. Instead, in opposition, plaintiff asserts that her claim is timely under the GMVA amendment, as her claim was filed within the revival period. Defendant asserts that the GMVA amendment is preempted by the ASA, therefore rendering plaintiff's claim untimely as a matter of law.

Defendant maintains that the ASA preempts the GMVA amendment by both field and conflict preemption. State law may preempt local law in two ways: (1) field preemption, where the state has demonstrated an intent to occupy an entire field through comprehensive regulation; and (2) conflict preemption, where a local law conflicts with a state law or its purpose (*Engelman* at 30; *Police Benevolent Assn. of the City of New York, Inc.* at 423).

Defendant contends that by enacting both the ASA and the CVA, the State legislature intended to occupy the entire field of revival of claims derived from sexual offenses under NY Penal Code § 130 and therefore, preempted the GMVA amendment to revive time-barred claims for the same subject matter (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 8*). Defendant asserts that the State legislature intended to occupy the field because both the ASA and the CVA apply broadly to "every civil claim or cause of action brought against any party . . . as a result of conduct which would constitute a sexual offense" under NY Penal Code § 130 (*id.*; CPLR 214-g; CPLR § 214-j).

Defendant relies on *Parker v Alexander*, where the federal court held that the ASA and CVA collectively "occupy the field of revival of civil claims arising from violations of state sexual offense penal statutes, preempting local laws like [GMVA] Revival Amendment to the extent that they purport to revive the same category of claims" (*Parker v Alexander*, 779 F Supp 3d 361, 367 [SD NY 2025]). Defendant argues that the ASA and GMVA purport to revive the same category of claims because plaintiff's alleged claim of sexual assault under the GMVA constitutes as a predicate sexual offense under NY Penal Law § 130, meaning that plaintiff's GMVA claim falls under the scope of the ASA (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 9*). Defendant asserts that this therefore is a classic example of field preemption, in which the GMVA is preempted by the ASA (NYSCEF Doc. No. 10, *Reply Memorandum of Law in Support at 2*).

Defendant also argues that by enacting the ASA, the State legislature imposed a firm deadline by which revived sexual assault claims under NY Penal Code § 130 may be filed (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 10-11*). As both the ASA and the CVA expressly state that the statute applies "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," defendant asserts that the State intended to

preempt any local law that conflicts with that of the ASA and the CVA because courts have found that a "notwithstanding" clause is "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute" (*People v Mitchell*, 15 NY3d 93, 97 [2010]; NYSCEF Doc. No. 10, *Reply Memorandum of Law in Support at 3*). Defendant asserts that the revival window created by the GMVA amendment directly conflicts with the ASA's narrowly defined window for such claims and would improperly allow actions to be commenced after the firm deadline mandated by the State (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 10-11*). As the ASA revival window opened on November 24, 2022, and the GMVA amendment opened on March 1, 2023, the state permits conduct (allowing for the commencement of claims between November 24, 2022, and March 1, 2023) that the local law does not (*id.* at 10; *Parker* at 368 [internal quotations omitted]). The differing end dates of the revival windows created by both statutes (November 23, 2023 under the ASA and March 1, 2025 under the VGMVPL amendment) likewise create a conflict since giving effect to both would undermine the ASA's expressly provided "notwithstanding" clauses and result in a revival period longer than that envisioned by either statute standing alone (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 10-11*; *Parker* at 368). By extending the filing deadline, defendant asserts that the local legislature effectively undermines the State legislature's one-year lookback revival window and the inconsistent revival windows preempts application of the GMVA amendment (NYSCEF Doc. No. 6, *Memorandum of Law in Support at 11*). Moreover, defendant argues that as the GMVA amendment was enacted over four months before that of the ASA, the State legislature could have expressly excluded the GMVA from the ASA's scope, but it instead expressly provided that it applies to "every civil claim or cause of action brought my adult victims of sexual offenses" under NY Penal Law § 130 (*Parker* at 368 [internal quotations omitted]).

In opposition, plaintiff argues that the State legislature has not evinced any intention to occupy the entire field of revival of claims derived from gender-motivated violence because it has not expressly stated its intention to do so (NYSCEF Doc. No. 9, *Memorandum of Law in Opposition at 5*). Plaintiff further asserts that "courts have generally been reluctant to find implied field preemption where local laws serve a supplementary purpose or address a distinct local concern" (*id.* at 7-8).

Furthermore, plaintiff argues that while the ASA and the CVA address revival of civil claims for sexual offenses under NY Penal Law § 130, the GMVA addresses a different and broader category of claims concerning gender motivated violence as a civil rights remedy (*id.* at 8; *see* Administrative Code § 10-1102). Plaintiff relies on *Doe v Black,*[1] in which the federal court expressly acknowledged this difference and found that "the legislative intent of the [GMVA] was to create a civil rights remedy or cause of action such as in VAWA, rather than to extend the statute of limitations for a particular class of assaults" (*Doe v Black,* 2024 WL 4335453, *3; 2024 US Dist LEXIS 175929; [SD NY, September 27, 2024, No. 23-CV-6418 (JGLC)]).

[1] *Parker v Alexander* and *Doe v Black* were decided by different Judges of the United States District Court, Southern District of New York and the decisions created a split in their respective holdings about whether the VGMVPL amendment was preempted by the ASA/CVA. Both decisions are currently pending appeal before the Second Circuit.

Plaintiff also relies on the *Doe* court's comparison of the revival windows of the ASA and the GMVA amendment to that of the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL), where the court has held that despite substantial overlap between the two statutes, the NYCHRL is not preempted (*id. at* *4 [citing *New York State Club Assn., Inc. v City of New York*, 69 NY2d 211, 217-18 [1987], aff'd, 487 U.S. 1 [1988]). Plaintiff asserts that this analogy directly supports the interpretation that the GMVA is not preempted by the ASA as it addresses a broader category of civil rights to include gender-motivated violence and not just sexual offenses under the Penal Law (NYSCEF Doc. No. 9, *Memorandum of Law in Opposition at 6*). Plaintiff contends that the court in *Parker v Alexander* "conflates 'sexual offense' with 'gender-motivated violence,' overlooking the broader scope and different legislative intent of the [GMVA]" (*id.*).

Plaintiff also argues that there is no conflict between the revival windows of the GMVA amendment and the ASA because "these statutes can be read to operate in tandem, providing overlapping or cumulative remedial periods, rather than mutually exclusive ones" (NYSCEF Doc. No. 9, *Memorandum of Law in Opposition at 9*). The revival window of the ASA simply sets a minimum of one-year for the revival of sexual offense claims and the city law expands it by allowing a two-year window for the revival of gender-motivated violence claims (*id.*). Plaintiff maintains that no conflict arises because a claimant whose claim falls within both revival windows may pursue both claims concurrently (*id.*). The GMVA is consistent with the city's broad policing powers to enact legislation for the protection of its residents against gender-motivated violence (*Doe* at *7). Both statutes share the same remedial purpose and complement each other rather than conflict with each other (NYSCEF Doc. No. 9, *Memorandum of Law in Opposition at 10*). Plaintiff also argues that the ASA, CVA, and the GMVA amendment all contain "notwithstanding" clauses, and the existence of identical clauses does not, by itself, imply conflict (*id.* at 8; CPLR § 214-j [ASA]; CPLR § 214-g [CVA]; Administrative Code § 10-1105[a] [VGMVPL]). Rather, this language can be read as each statute superseding any earlier conflicting limitation periods for those relevant claims, enabling the statutes to function simultaneously (NYSCEF Doc. No. 9, *Memorandum of Law in Opposition at 8*).

Here, the court declines to find that the VGMVPL amendment is preempted by the ASA. It is well-settled that under New York's "home rule provision," local governments possess expansive police powers to adopt and enforce local laws addressing the health, safety, and welfare of their residents, so long as such laws do not conflict with the Constitution or state statutes (NY Const., art. IX, § 2[c][10]; *Engelman*, 194 AD3d at 30 [internal citations and quotations omitted]; *see Police Benevolent Assn. of the City of New York, Inc. v City of New York*, 40 NY3d 417, 423 [2023]). As mentioned earlier, the City relied on the "home rule provision" to enact the GMVA to protect its residents from discrimination, including gender-related violence. The GMVA provides a civil rights remedy and creates a cause of action for injuries suffered from gender-motivated violence within New York City and seeks relief including compensatory and punitive damages, injunctive and declaratory relief, attorney's fees and costs, and other remedies as the court may deem appropriate (Administrative Code § 10-1104). Unlike the ASA, which requires that the alleged conduct constitute a sexual offense under the Penal Law, the GMVA creates a cause of action for injuries regardless of whether that conduct constitutes a sexual offense under the Penal Law. Furthermore, the mere fact that a local law addresses some of the same issues as state law does not invalidate the local law (*Police*

*Benevolent Association of the City of New York* at 425 [internal quotations and citations omitted]).

The state's intention to preempt local legislation need not be expressly stated, as the intention "to occupy a field to the exclusion of local legislation can be implied from a declaration of state policy, the State's enactment of a comprehensive and detailed regulatory scheme in a particular area, or from the nature of the subject matter being regulated and the purpose and scope of the [s]tate legislative scheme, including the need for [s]tate-wide uniformity in a given area" (*Police Benevolent Assn. of the City of New York, Inc.* at 423-424 [internal quotations and citations omitted]).

Here, it is not clear that the Legislature did in fact assume "full regulatory responsibility" (*Id.* at 423) or provide "an expression of need for uniform State-wide control" (*Vatore v Commissioner of Consumer Affairs*, 83 NY2d 645, 650 [1994]).

The court disagrees with defendant's assertions that the ASA's phrase that the statute applies broadly to "every civil claim or cause of action brought against any party" demonstrates field preemption because it has been held that use of this phrase in the CVA did not support a finding of field preemption (*see Doe v Black* [holding that the statute's statement referencing "every civil claim" did not support a finding of field preemption regarding the statute of limitations, but indicates that the Legislature's intent was for the statute to help sexual assault victims]).

Similarly, the court disagrees with defendant's arguments that the "notwithstanding" clauses, which is present in all three statutes, demonstrates field preemption because there is no conflict to preempt. As discussed earlier, the revival windows of the ASA and CVA statutes are narrowly tailored to revive claims arising specifically from sexual offenses defined in Article 130 of the New York Penal Law, whereas the GMVA provides a civil rights remedy for a broader category of gender-motivated violence claims, including but not limited to sexual offenses. Courts have recognized that remedial statutes are to be liberally construed to effectuate their beneficial purposes (McKinney's Consolidated Laws of NY § 321). "Such statutes should be so construed as to give effect to the intention of the lawmakers, that is, to effect or carry out the reforms intended and to promote justice, particularly where ethe statutes are designed to correct imperfections in a prior law" (*id.*).

The differing revival windows of the ASA and the GMVA amendment do not create a conflict or preempt the GMVA amendment. While the ASA establishes a minimum period for reviving sexual offense claims, the GMVA statute extends an additional period specifically for gender-motivated violence claims, consistent with the city's police powers.

Conflict preemption applies to a local law only when it directly or expressly contradicts state law, meaning the state specifically authorizes conduct that the local law prohibits (*Police Benevolent Assn. of the City of New York, Inc.* at 426 [internal citations omitted]). If conflict preemption was determined solely by whether a local law prohibits conduct that state law does not, the regulatory authority of local governments would essentially be illusory (*id.* at 426 [internal quotations and citations omitted]). Because both revival periods can operate

concurrently without impeding one another, the GMVA amendment statute remains fully effective. Thus, defendant has not met its burden to show preemption as a matter of law.

Defendant's motion to dismiss pursuant to CPLR 3211(a) (3) is denied. Plaintiff alleges injury resulting from defendant's conduct and asserts a statutory cause of action expressly authorized under the GMVA. Therefore, defendant has failed to demonstrate that plaintiff lacks standing as a matter of law.

Defendant's motion under CPLR 3211(a)(7) is likewise denied. Accepting the allegations of the complaint as true and giving plaintiff the benefit of every favorable inference, the court finds that plaintiff has stated a cognizable claim under the VGMVPL. As the VGMVPL amendment is not preempted by the ASA, plaintiff's claim was timely filed within the revival window established by the GMVA amendment.

Plaintiff submitted a Notice of Supplemental Authority by letter dated June 3, 2025, purporting to advise the Court that the New York City Council recently introduced a bill to amend the GMVA (NYSCEF Doc. No. 11). Defendant thereafter objected by letter dated June 3, 2025, arguing that the submission violates 22 NYCRR § 202.8-c (NYSCEF Doc. No. 13). Pursuant to 22 NYCRR § 202.8-c, counsel may notify the Court by letter of "the citation of any post-submission court decision that is relevant to the pending issues" but expressly prohibits the submission to include additional argument. Plaintiff's letter does not cite a post-submission judicial decision and includes additional argument beyond the scope permitted by Section 202.8-c. The Court therefore disregards the letter to that extent. The proposed legislative amendment referenced in the letter is not yet law and has no bearing on the Court's determination of the motion. Nevertheless, consideration or exclusion of plaintiff's post-submission letter does not alter the Court's analysis or disposition of defendant's motion. Accordingly, it is

**ORDERED** that defendant's motion to dismiss pursuant to CPLR 3211(a)(3) and (7) is denied; and it is further

**ORDERED** that within twenty (20) days after this decision and order is uploaded to NYSCEF, defendant shall serve a copy of this decision and order, with notice of entry, upon plaintiff; and it is further

**ORDERED** that defendant shall serve and file an answer within twenty (20) days from the date of this decision and order; and it is further

**ORDERED** that this matter is scheduled for a preliminary conference on February 25, 2026, details which shall be provided by the court no later than February 23, 2026.

**January 6, 2026**

**HON. VERNA L. SAUNDERS, JSC**

| | | | | | | |
|---|---|---|---|---|---|---|
| **CHECK ONE:** | ☐ | **CASE DISPOSED** | | ☒ | **NON-FINAL DISPOSITION** | |
| | ☐ | **GRANTED** | ☒ **DENIED** | ☐ | **GRANTED IN PART** | ☐ **OTHER** |