Parker v. Alexander, No. 25-487

DENNIS JACOBS, *Circuit Judge*, concurring:

The question that we certify to the New York Court of Appeals is whether a City law is preempted by State legislation. The State and City laws are set out in the margin.[1] For adults such as Parker, the State law provides (doing the math) that under the revived statute of limitations, claims otherwise expired

---

[1] The State's Adult Survivors Act provides that for victims who are 18 or older:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary …, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law against such person who was eighteen years of age or older, … which is barred as of the effective date of this section because the applicable period of limitation has expired, … is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

N.Y. C.P.L.R. § 214-j. The counterpart Child Victims Act contains identical language (with different claim-revival dates) for victims under 18. *See* N.Y. C.P.L.R. § 214-g.

The City's claim-revival law provides:

> Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action brought under this chapter that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022.

N.Y.C. Admin. Code § 10-1105(a) (Victims of Gender-Motivated Violence Protection Law).

"may be commenced not earlier than [November 24, 2022]" and "not later than [November 24, 2023]," – "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." N.Y. C.P.L.R. 214-j. The City's claim-revival law, by contrast, provides (doing the math) that otherwise expired claims "may be commenced not earlier than [March 1, 2023]" and "not later than [March 1, 2025]." N.Y.C. Admin. Code § 10-1105(a).

The City's claim-revival law therefore covers dates that are "later than [those] covered by either [of the State's revival statutes]." Maj. Op. at 9. But the disparate end dates matter, because the end date is what a statute of limitations is all about: By providing a clear date on which claims expire, "statutes of limitation serve the … objectives of finality, certainty and predictability," and "'express a societal interest or public policy of giving repose to human affairs[.]'"[2] *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 25 N.Y.3d 581, 593 (2015) (alteration accepted) (quoting *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 550 (1979)). Claim-revival laws open "limited window[s]" – limited, precisely because they "upset[] the strong public policy favoring finality,

---

[2] In a footnote, the Majority describes at some length the City's argument (as amicus curiae) that "revival period end dates are not properly characterized as 'period[s] of limitation.'" Maj. Op. at 11 n.3 (alterations in original) (quoting Amicus Br. at 16–17). If that is so, try filing a claim after the end dates and see what happens.

predictability, fairness and repose served by statutes of limitations." *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 371–72 (2020). These considerations need to be weighed along with the remedial goals of the State and City laws.

It is true that the State and City laws "regulate slightly different conduct." Maj. Op. at 12. Not all "crime[s] of violence motivated by gender" are claims of sexual assault. N.Y.C. Admin. Code § 10-1104. But some claims – such as Parker's – may qualify as both. And the Defendants in this case argue only that the State laws preempt the City law to the extent of overlap.

I concur in this certification not because I am baffled; the question practically answers itself. Nor do I concur because it is an issue of state law; that is common in diversity cases. Nor do I concur because two district court judges in the circuit disagree; that is one reason we turn on the lights in the morning. I concur because we are advised that a whole bunch of state court cases are lined up awaiting resolution of this question by us. This is an inversion of the proper order of things: I would expect state cases to advance to a consensus (or to the Court of Appeals) without our guidance or inspiration. So I concur in this

3

4

certification because it allows many pending state cases to be decided by the state

court of appropriate responsibility.